```
IN THE UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF ALABAMA
        NORTHEASTERN DIVISION
```

FILED
99 MAY -3 AM 9:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

STATE FARM FIRE AND CASUALTY  )
COMPANY,                      )
                              )
    PLAINTIFF,                )
                              )
VS.                           )    CV98-H-1522-NE
                              )
CARL MICHAEL SEIBERT,         )
                              )
    DEFENDANT.                )

ENTERED
MAY - 3 1999

## MEMORANDUM OF DECISION

The Court has before it the March 8, 1999 motion of plaintiff State Farm Fire and Casualty Company for summary judgment. Pursuant to the Court's March 15, 1999 order, the motion was deemed submitted, without oral argument, on April 12, 1999.

### I. Procedural History

Plaintiff filed a complaint for declaratory judgment on June 12, 1998 alleging that it was not required to defend or indemnify defendant Seibert in a state court lawsuit.[1]  In moving for

---

[1] This is the second declaratory judgment action filed by plaintiff against defendant in this Court regarding its duty to defend and to indemnify Seibert in the state lawsuit styled Seibert v. Seabol, CV96-432J (Cir. Ct. Limestone County). The first declaratory judgment action, State Farm Fire & Cas. Co. v. Seibert, No. CV-96-H-3164-NE (N.D. Ala.), dealt with potential



summary judgment, plaintiff asserts that it is not obligated under defendant's rental dwelling insurance policy either to defend or to indemnify Seibert in the suit brought against him in the Circuit Court of Limestone County, Alabama, by Patrick Joseph Seabol.  In support of its motion for summary judgment, plaintiff filed an evidentiary submission and brief on March 8, 1999.  In opposition to the motion for summary judgment, the defendant Seibert filed an evidentiary submission on April 6, 1999 and a response and brief on April 13, 1999.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for

---

coverage under defendant Seibert's homeowner's and personal liability umbrella insurance policies.  Defendant argues in his opposition to plaintiff's motion for summary judgment that plaintiff is legally bound to provide for the defense under the homeowner's and umbrella policies.  Those two policies are <u>not</u> the subject of this action and therefore will not be discussed.

2

its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real

Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a

simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case.  Fitzpatrick, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

On September 17, 1996, Patrick Seabol filed a complaint against Carl Michael Seibert in the Circuit Court for Limestone County, Alabama.  Count I of Seabol's complaint was brought pursuant to the Alabama Legal Services Liability Act, Alabama Code, Section 6-5-570 *et. seq.*, and Count II was a suit for sale of real estate for division of the proceeds of sale.  On

September 5, 1997, Seabol amended his complaint to add Count III for fraud, fraudulent suppression, and conspiracy to defraud against Seibert and others.  The claims involved the transfer of real estate by Seabol to Seibert allegedly on Seibert's legal advice or representation that transferring the property would be in Seabol's best interest and would shield Seabol's property from creditors and the Internal Revenue Service.  Seabol sought compensatory damages for lost profits and extreme shame, humiliation, embarrassment, fear, and mental anguish; punitive damages; and equitable relief by way of a sale for division.  On August 11, 1996, the Circuit Court of Limestone County entered final judgment on counts I and III in favor of Seibert and on count II based upon a binding settlement agreement between the parties.

Plaintiff has issued Rental Dwelling Policy No. 93-BZ-1463-2 to a partnership formed by Seibert and Seabol on one of the houses transferred by Seabol to Seibert.  (Deason Aff.; Rental Dwelling Policy Form FP-8001.2C.)  The policy was mailed to Seabol's home address, the partnership mailing address listed on the application.  (Deaton Aff.)  The policy covers claims or suits against the insured for damages because of bodily injury, personal injury, or property damage arising "from the ownership,

6

maintenance, or use of the insured premises."  (Rental Dwelling Policy § II - Liability Coverages, Definitions ¶ 5; Form FP-8001.2C.)   The policy excludes claims against the insured for "bodily injury, personal injury, or property damage arising out of the rendering or failing to render professional services" and claims for "bodily injury to . . . any insured."  (Rental Dwelling Policy § II ¶ b, at 10 & ¶ k, at 12.)   Defendant claims coverage under the policy.

### IV. Applicable Substantive Law and Analysis

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured."  American States Ins. Co. v. Martin, 662 So.2d 245, 247 (Ala. 1995).  The Court looks to the specific language of the policy and the underlying state claims to determine if plaintiff owes a duty to Seibert to defend him in the action brought by Seabol.

**General Coverage Provisions**

The rental dwelling policy covers claims for bodily injury, personal injury, or property damage arising from the ownership, maintenance, or use of the insured premises, which is defendant's residence.  Count II of Seabol's claim in state court is to

7

compel a sale for division of property which he holds jointly with Seibert.  In this claim, Seabol seeks equitable relief and not damages.  Therefore, Count II is not covered by the policy.

Plaintiff argues that Counts I (malpractice) and III (fraud) in Seabol's complaint against Seibert are excluded because they do not arise from the ownership, maintenance, or use of the insured premises.  Count III relates to Seibert's alleged misrepresentations that Seabol's property in Florence, Alabama was subject to a mortgage of $50,000.  This does not relate to the ownership, maintenance, or use of the insured premises located in Athens, Alabama.

Counts I, however, arises out of Seibert's alleged misrepresentations inducing Seabol to transfer various property, including the insured property, to Seibert while acting as attorney for Seabol.  Part of Seabol's action relates to the ownership of the insured property because Seabol's purchase of the property and his transfer of ownership to Seibert gave rise to Seabol's claim of malpractice.  Therefore, Count I of the complaint filed by Seabol against Seibert falls within the general coverage provisions of the rental dwelling policy.

**Exclusions**

The rental dwelling policy excludes claims for injury to

"any insured." The "named insured" of the policy is the partnership of Seabol and Seibert. When the named insured is designated as a partnership, the term "insured" includes the designated partnership "and any partner or member thereof." (Rental Dwelling Policy - Definitions ¶ 4(b).) It is elementary that Seibert and Seabol are "insureds" under the rental dwelling policy. Although insurance policies are to be narrowly construed against the insurer, see Brown Mach. Works & Supply v. Ins. Co. of N. Am., 659 So. 2d 51, 59 (Ala. 1995), the plain language of the policy, under any interpretation, excludes Count I (as well as Count III) of Seabol's complaint against Seibert.[2] Thus, none of Seabol's claims against Seibert are covered by the rental dwelling policy.

**Estoppel**

---

[2] Even if this exclusion did not apply, the Court would nonetheless grant judgment in favor of plaintiff with regard to Count I of Seabol's complaint because of the professional services exclusion. See State Farm Fire & Cas. Co. v. Seibert, No. CV-96-H-3164-NE, slip op. at 9-10 (N.D. Ala. May 13, 1998). Defendant states in his brief that the circuit court ruled that the underlying civil action is a breach of contract rather than a malpractice action, citing the circuit court's judgment dated August 10, 1998. The judgment submitted to the Court contains no such ruling. Moreover, the rental dwelling policy does not distinguish between tort and contract actions when excluding actions "arising out of the rendering or failing to render professional services."

Defendant argues that because he did not receive a copy of the policy, its exclusions are unenforceable. Alabama Code § 27-14-19 requires an insurer to mail or deliver a copy of the insurance policy to the purchaser of the policy and to the named insured, and failure to do so may estop the insurer from asserting an otherwise valid coverage exclusion. See <u>Brown Mach. Works & Supply</u>, 659 So. 2d at 58. The insured listed on the application was a partnership, with a mailing address the same as Seabol's home address. Plaintiff mailed a copy of the policy to the named insured - the partnership formed by Seabol and Seibert - on the basis of the information supplied by the application. Plaintiff is not estopped under Alabama Code § 27-14-19 from asserting exclusions from coverage for three independent reasons: (1) plaintiff literally complied with the statute by mailing the policy to the named insured, the partnership; (2) plaintiff is entitled to rely upon the assertions contained in the application for insurance, including proper mailing address; and (3) Seabol's knowledge of a policy issued to the partnership can be imputed to Seibert, his partner. <u>See</u> Ala. Code § 10-8-51 (1994) (notice to one partner operates as notice to the partnership); <u>Sun Mortgage Corp. v. Western Warner Oils Ltd.</u>, 567 N.W.2d 632, 635-37 (S.D. 1997) (interpreting identical statute as imputing knowledge to

10

all partners). Therefore, plaintiff owes no duty to indemnify or defend Seibert against the claims asserted by Seabol.[3]

The Court is satisfied that there is no genuine issue of material fact and that defendant has failed to set forth evidence sufficient to withstand the motion for summary judgment filed by plaintiff. Plaintiff's motion for summary judgment is due to be granted, and a separate declaratory judgment will be entered.

DONE this 3rd day of May, 1999.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that, even if plaintiff had failed to fulfill its duty to deliver the policy to the insured, it would be estopped only from asserting the exclusions of the policy, and not the general coverage provisions. See Brown Mach. Works & Supply, 659 So. 2d at 58.